UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS, | No. 2:17-cv-1041 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. MURPHY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed against Correctional Officer Murphy. By order filed March 22, 2018, the court set deadlines for discovery and dispositive motions and informed plaintiff of the procedures for obtaining the attendance of witnesses should this case proceed to trial. See ECF No. 19. Plaintiff subsequently filed three documents which are addressed herein.

First, plaintiff has filed a "First Request for Production of Documents." ECF No. 21. This discovery request must be served on defendant's counsel, not the court. Discovery among parties is to be conducted without the court's participation unless a discovery dispute arises that the parties are unable to resolve independently and a party seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Therefore, plaintiff's discovery request will be disregarded.

Second, plaintiff has filed a "Motion for Court Order for Obtaining Attendance of Incarcerated Witnesses" at trial. ECF No. 22. This motion has been filed prematurely. Should

this case proceed to trial, the court will provide notice when the motion should be re-filed. Prior to that time, plaintiff may obtain a sworn affidavit from the identified inmate for purposes of summary judgment. For these reasons, plaintiff's motion for attendance of witness will be denied without prejudice as premature.

Third, plaintiff has filed a second motion for appointment of counsel. ECF No. 23. This motion mirrors plaintiff's first, see ECF No. 9, as both rely on factors common to most prisoners, viz., indigence, lack of legal education, limited law library access, and unsuccessful attempts to obtain independent counsel. As the court previously informed plaintiff, circumstances common to most prisoners do not establish the requisite exceptional circumstances warranting appointment of voluntary counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The court's reasoning in denying plaintiff's first motion for appointment of counsel also applies to the instant motion:

> [T]he court does not find the required exceptional circumstances at the present time. Plaintiff capably drafted the FAC, which has been found cognizable on initial review. The case is relatively straightforward, with one defendant and one legal claim. Moreover, it is not apparent at this early stage of the case whether it is likely plaintiff will succeed on the merits of his claim. For these reasons, plaintiff's request for appointment of counsel will be denied without prejudice.

ECF No. 11 at 4. For these reasons, plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery request, ECF No. 21, shall remain on the docket but will be disregarded; plaintiff must serve this discovery request on defendant's counsel.

2. Plaintiff's motion to obtain the attendance of an incarcerated witness, ECF No. 22, is denied without prejudice as premature.

////
////
////
////

3. Plaintiff's second motion for appointment of counsel, ECF No. 23, is denied without prejudice.

DATED: April 24, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE