UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. MURPHY,<br><br>        Defendant. | No. 2:17-cv-1041 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action against sole defendant Correctional Officer D. Murphy. Discovery closed on July 13, 2018, and the dispositive motion deadline is October 12, 2018. ECF No. 19. Prior to expiration of the discovery deadline,[1] plaintiff filed two discovery motions. See ECF Nos. 32, 33. Plaintiff seeks to compel the production of prior complaints against defendant Murphy, and the disclosure of a surveillance videotape of the alleged incident underlying this action. ECF No. 33. Plaintiff also seeks sanctions against defense counsel "for falsifying documents, misrepresentation of facts, perjury and slander." ECF No. 32 at 1. For the reasons that follow, plaintiff's motion to compel

---

[1] Plaintiff met the deadline by application of the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1

further discovery will be granted in part and denied in part, and plaintiff's motion for sanctions will be denied.[2]

Defense counsel has filed an opposition to each motion, see ECF Nos. 34, 35, and provided a copy of defendant's responses to plaintiff's production requests, ECF No. 34, Ex. A. The undersigned's review of the latter demonstrates that counsel reasonably construes the motion to compel as an effort to obtain documents and a videotape responsive to plaintiff's Request for Production Nos. One and Four. ECF No. 34, Ex. A.[3] (In response to plaintiff's Request for Production Nos. Two and Three, defendant produced documents as well as a privilege log identifying responsive but confidential documents.) Defense counsel continues to maintain that there exist no responsive documents. ECF No. 34-1 at 2 (Shryock Decl. ¶ 6). Counsel also emphasizes that plaintiff made no attempt to inform counsel that defendant's responses were deficient before filing either motion, i.e., plaintiff declined defense counsel's invitation to discuss "any other issues" following his deposition on July 10, 2018, and failed to satisfy the "safe

---

[2] Plaintiff has also filed a motion for summary judgment. See ECF No. 28. Defendant has filed an opposition, ECF No. 36, and a statement that he does not intend to file his own motion for summary judgment, ECF No. 37. The merits of the pending motion for summary judgment will be addressed by the court in due course.

[3] Plaintiff's Request for Production No. One seeks:
> Any and all grievances, complaints, or other documents received by prison staff defendant D. Murphy at High Desert concerning the mistreatment of inmates by defendant and any memoranda, investigative files, or other documents created in response to such complaints since January 1, 2016 to August 18, 2016.

Defendant responded, after asserting numerous objections to the request, that "After a diligent search and reasonable inquiry, no responsive documents were located."

Plaintiff's Request for Production No. Four seeks:
> I'm requesting on August 18, 2016 the Footage camera interview that I had with Lieutenant M. Williams to the use of force package and the use of force package and the footage of the moring [sic] in BLD 5 on August 18 2016 from the security cameras.

Defendant responded: "Defendant is concurrently sending a copy of the videotaped interview of Plaintiff that was conducted on August 18, 2016 by Lt. M. Williams to the Litigation Coordinator at Richard J. Donovan (RJD) Correctional Facility. . . . After a diligent search and reasonable inquiry, no other responsive video footage was located. Defense counsel further avers in opposition that "[i]n drafting responses to Plaintiff's requests, my office confirmed that there were no operable surveillance cameras in the building where the incident occurred on the date in question." ECF No. 34-1 at 2 (Shryock Decl. ¶ 5).

2

harbor" provision required under Rule 11, Federal Rules of Civil Procedure, by first notifying defendant of his intent to seek sanctions. Finally, in response to plaintiff's motion for sanctions, counsel accurately notes that the motion is inadequate because it "lacks any facts that might inform defense counsel what they are accused of doing or why it would warrant sanctions. . . . [Plaintiff does not] explain what documents were falsified, what facts were misrepresented, what sworn statements were perjurious, or what public statements were slanderous." ECF No. 35 at 1-2.

Significantly, plaintiff did not file a reply to defendant's opposing briefs, and the time for doing so has passed.

A party's statement that, after a reasonable and diligent search, there exist no responsive documents to a production request is an acceptable reply. Here, however, the challenged responses were provided by defense counsel alone, "according to Defendant's best knowledge at this time." ECF No. 34-2 at 2. So that both parties can rely on the subject responses, the court will direct defense counsel to serve plaintiff with a verification – signed under oath by both defendant and defense counsel – that a reasonable and diligent search has been conducted to locate all requested documents, videotapes and other materials responsive to Plaintiff's Request for Production Nos. One and Four, and that there exist no responsive materials.[4] In all other respects, plaintiff's motion to compel will be denied for failure to demonstrate any inadequacy in the subject discovery responses.

Plaintiff's motion for sanctions will be denied for failure to demonstrate any inadequacy in the conduct of defendant or his counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 33, is granted in part.

2. Within fourteen (14) days after the filing date of this order, defendant and his counsel shall serve plaintiff with a verification signed under penalty of perjury by both defendant and his counsel, that a reasonable and diligent search has been conducted to locate all documents,

---

[4] It should go without saying that if defendant locates any responsive materials, they must be identified and produced, and also verified under penalty of perjury.

videotapes and other materials responsive to Plaintiff's Request for Production Nos. One and Four, but there exist no responsive materials.

3. Plaintiff's motion for sanctions, ECF No. 32, is denied.

IT IS SO ORDERED.

DATED: August 21, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE