UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. MURPHY,<br><br>        Defendant. | No. 2:17-cv-1041 JAM AC P<br><br><br>ORDER |

Plaintiff James Watkins is a state prisoner proceeding pro se against sole defendant Correctional Officer Murphy on a claim of excessive force. At all times relevant to this action plaintiff was incarcerated at High Desert State Prison (HDSP). Since commencing this action in May 2017, plaintiff has been incarcerated at the R.J. Donovan Correctional Facility (RJDCF).

Discovery closed on July 13, 2018 (ECF No. 19), with the exception of specific discovery ordered by the court on August 22, 2018 (ECF No. 38). However, additional discovery matters remain to be resolved. Plaintiff's concerns about the fact-finding process in this case persist, likely due in part to the conceded error of defense counsel and the HDSP Litigation Coordinator in initially and incorrectly identifying plaintiff's commitment offense as murder. See ECF No. 45 at 4 and cited exhibits. Nevertheless, that error has been corrected and defense counsel has been duly responsive to plaintiff's numerous filings, providing helpful briefing and exhibits.

The following matters require the court's resolution.

1

**First**, defendant's counsel requests that this court modify its order filed August 22, 2018. See ECF No. 38. The order required in pertinent part that "defendant and his counsel shall serve plaintiff with a verification signed under penalty of perjury by both defendant and his counsel, that a reasonable and diligent search has been conducted to locate all documents, videotapes and other materials responsive to Plaintiff's Request for Production Nos. One and Four, but there exist no responsive materials." Id. at 3-4. Defense counsel "objects to the Order to the limited extent that it demands a verification signed by Defendant D. Murphy personally, even though he is not the custodian of the relevant documents and generally does not have access to them. He will therefore lack the knowledge needed to provide the verification that the Court has ordered." ECF No. 42 at 1-2. Counsel states that "[i]n an effort to satisfy the spirit of the Court's order, Defendant has – prior to filing this objection – served Plaintiff with a verification as described in the Court's Order, signed by the litigation coordinator at High Desert State Prison (who is a custodian of records for that institution) and defense counsel." Id. at 2. Counsel requests that the court modify its August 22, 2018 order accordingly.

For good cause shown, this request is granted and the court's previous order is deemed modified as requested. The court finds the August 30 and 31, 2018 verifications of the HDSP Litigation Coordinator (McConnell) and defense counsel, see ECF No. 45-2 at 4-5, fully satisfy the court's August 22, 2018 order.

**Second**, plaintiff has filed a motion to compel defendant's responses to his Request for Production Nos. One and Four. See ECF No. 47. This motion seeks the same information as plaintiff's motion to compel filed July 17, 2018, which was resolved by the court's order filed August 22, 2018, and addressed above concerning defendant's supplemental verifications. This motion to compel will therefore be denied as moot.

**Third**, plaintiff has also filed both a motion for summary judgment, ECF No. 28, and a motion for partial summary judgment, ECF No. 41.[1] As defendant notes, plaintiff's motion for partial summary judgment duplicates his motion for summary judgment except that the

---

[1] Defendant informs the court that he does not intend to file a motion for summary judgment. See ECF No. 37.

2

supplemental motion adds the allegation that defendant Murphy's August 14, 2018 declaration avers he is a correctional officer at the California Correctional Center (CCC), while the signature block indicates that Murphy is still working at HDSP. See ECF No. 41 at 7. Plaintiff contends that Murphy perjured himself, rendering his entire declaration inadmissible. Id.

Review of Murphy's declaration, ECF No. 36-2, together with defense counsel's acknowledgement, ECF No. 46 at 2, demonstrates that defendant currently works at CCC, but his signature block incorrectly indicates HDSP. The court finds this conceded error immaterial to the merits of this action. Defendant Murphy was a correctional officer at HDSP at all times relevant to this action, and thus his current assignment does not impact the issues in this case. Moreover, the court finds this error inadvertent and therefore that it does not reflect on Murphy's credibility. Because plaintiff's supplemental motion for summary judgment is otherwise substantively identical to his original motion, the supplemental motion will be disregarded. Plaintiff will be permitted to file a reply to defendant's opposition to plaintiff's original motion for summary judgment.

**Fourth**, plaintiff has filed a request to lodge a CD containing a videotape of plaintiff's post-incident interview. See ECF No. 44. Plaintiff has viewed the videotape which apparently remains in the custody of the RJDCF Librarian or Litigation Coordinator. Id. at 3; see also ECF No. 45 at 4; ECF No. 45-1 at 2; ECF No. 45-2 at 5. It is inarguable that the information contained in this CD may be relevant to the issues in this case. Therefore, defense counsel will be directed to obtain a copy of the CD, to identify and lodge the CD in this case in accordance with the Local Rules, and to clearly indicate on the CD that it should immediately be delivered to the undersigned's chambers.

**Fifth**, plaintiff has filed a motion for injunctive relief, ECF No. 39, together with a request for judicial notice, ECF No. 40. Defendant has filed an opposition. See ECF No. 45. As defendant notes, plaintiff's motion appears in part to be an attempt to relitigate an earlier discovery motion. Review of the parties' papers and the docket demonstrates that the court has not been provided with a copy of the privilege log provided in response to plaintiff's Request for Production No. 3 (all documents "concerning any use of force incident involving [sic] the

3

plaintiff on August 18, 2016 or any investigation or action concerning that incident"). See ECF No. 34-2 at 4-5; see also ECF No. 45-1 at 2; ECF No. 45-4 at 3-5. These documents are clearly relevant to plaintiff's excessive force claim. However, defendant has withheld the documents on institutional security grounds based in part on plaintiff's putative "sentence for murder." ECF No. 45-4 at 4.

The court will direct defense counsel to submit to this court, for in camera review, the subject privilege log and withheld documents. The undersigned will determine whether limited and/or redacted disclosure of these documents to plaintiff is appropriate, subject to a protective order. Therefore, the court will defer ruling on plaintiff's pending motion for "injunctive relief." Plaintiff's motion for judicial notice, ECF No. 40, which is virtually identical to the motion for injunctive relief, ECF No. 39, will be disregarded.

**In conclusion**, IT IS HEREBY ORDERED that:

1. Defense counsel's objections filed August 31, 2018, **ECF No. 42**, are sustained; counsel's motion to modify, **id.**, is granted; the August 30 and 31, 2018 verifications of the HDSP Litigation Coordinator (McConnell) and defense counsel, see ECF No. 45-2 at 4-5, are to fully satisfy the court's August 22, 2018 order, ECF No. 38.

2. Plaintiff's motion to compel discovery, **ECF No. 47**, is denied as moot.

3. Plaintiff's motion for partial summary judgment, **ECF No. 41**, will be disregarded as duplicative of ECF No. 28. The Clerk of Court shall make the appropriate notation on the docket.

4. Plaintiff's request to lodge a CD containing a videotape of plaintiff's post-incident interview, **ECF No. 44**, is granted. Defense counsel is directed to obtain a copy of the CD and, within fourteen (14) days after the filing date of this order, to identify and lodge the CD in this case in accordance with the Local Rules, and to clearly indicate on the CD that it should immediately be delivered to the undersigned's chambers.

5. Plaintiff's motion for judicial notice, **ECF No. 40**, which is virtually identical to his motion for injunctive relief filed the same day, will be disregarded. The Clerk of Court shall make the appropriate notation on the docket.

6. The court will defer ruling on plaintiff's motion for injunctive relief, **ECF No. 39**.

Defense counsel shall, within fourteen (14) days after the filing date of this order, submit to this court, for in camera review, the subject privilege log and withheld documents responsive to plaintiff's Request for Production No. 3.

    7. The court will later set a deadline for plaintiff to file a reply to defendant's opposition to plaintiff's original motion for summary judgment and, if appropriate to permit defendant to file a surreply.

    SO ORDERED.

DATED: September 19, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE