UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>D. MURPHY,<br><br>  Defendant. | No. 2:17-cv-1041 JAM AC P<br><br>ORDER |

I.  Introduction

Plaintiff James Watkins is a state prisoner, currently incarcerated at R.J. Donovan Correctional Facility (RJDCF), proceeding pro se and in forma pauperis in this civil rights action filed against sole defendant Correctional Officer Murphy on a claim of excessive force. By order filed September 20, 2018, this court directed defendant to submit for in camera review the privilege log and withheld materials responsive to plaintiff's Request for Production No. 3 (seeking all documents "concerning any use of force incident involving [sic] the plaintiff on August 18, 2016 or any investigation or action concerning that incident"). See ECF No. 48. Defendant was also directed to lodge a copy of the video containing plaintiff's post-incident interview. Id. Defendant timely submitted all requested items. See ECF No. 53.

////

////

1

## II. Video

The court has reviewed the subject video in camera and directed the Clerk of Court to retain it in the court's vault for future reference as needed. Thus, plaintiff's request to lodge the video of his post-incident interview in this action, CF No. 44, is granted. Plaintiff has already viewed the video.

## III. Privileged Document

Review of defendant's privilege log and withheld materials demonstrates that the latter consists of one document responsive to plaintiff's Requests for Production Nos. 3 and 4.[1] The document, entitled "Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation," was finalized December 2, 2016, and withheld by defendant based on the "official information" or "governmental" privilege. The document was submitted in camera; defendant requests that the court refrain from requiring production of any portion of the document on the ground that plaintiff's subject motion was untimely and procedurally deficient. See ECF No. 53.

In federal civil rights cases, questions of privilege are resolved by federal common law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197-98 (9th Cir. 1975), aff'd on procedural grounds, 426 U.S. 394 (1976); see also Fed. R. Evid. § 501 (federal privilege law controls in cases involving federal substantive claims).

The official information privilege is "only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken[.]" Kerr, 511 F.2d at 198. Once a court finds that the official privilege had been properly asserted, it must balance the parties' competing interests to determine whether the conditional privilege should apply to protect the confidentiality of the subject materials. In balancing these competing interests, the court should consider several factors. See Kelly v. San Jose, 114 F.R.D. 653, 663 (N.D. Cal. 1987).

Review of the withheld document demonstrates that defendant properly asserted the official information privilege. See Kerr, 511 F.2d at 198 (privilege "must be formally asserted

---

[1] Request for Production No. 4 seeks, in pertinent part, the "use of force package" prepared by correctional staff in response to the subject incident.

2

and delineated in order to be raised properly"); accord, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The subject IERC evaluation contains a comprehensive review and assessment of the challenged incident, with input from several officials and inmates, and reflects the standardized institutional response to prisoner allegations of excessive force.

As a threshold matter, the court overrules defendant's objections to disclosure on procedural grounds. Errors attributable to plaintiff's pro se status should not, under the present circumstances, be the principal reason to foreclose disclosure of clearly relevant information. Material reflecting internal affairs investigations, including statements, opinions and recommendations, "should be presumptively discoverable when a plaintiff makes a proper showing of relevance." Kelly v. City of San Jose, 114 F.R.D. 653, 666 (N.D. Cal. 1987). In civil rights suits against law enforcement departments, the balancing approach "should be 'moderately pre-weighted in favor of disclosure.'" Soto, 162 F.R.D. at 613 (fn. omitted) (quoting Kelly, 114 F.R.D. at 661).

The next inquiry requires a balancing of the parties' competing interests in confidentiality and disclosure under the factors identified in Kelly.[2] Application of these factors to the present

---

[2] The court should consider these nonexhaustive factors:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
>
> (2) The impact upon persons who have given information of having their identities disclosed.
>
> (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
>
> (4) Whether the information sought is factual data or evaluative summary.
>
> (5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
>
> (6) Whether the [official] investigation has been completed.
>
> (7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.

case supports disclosure of the withheld document, provided the names and identities of all nonparties are redacted and plaintiff's review is limited to reading the document without obtaining possession of it.

This action is non-frivolous and appears to have been brought in good faith. It is narrow in scope, limited to one alleged incident involving one defendant. The withheld information is clearly relevant, as it involves only the challenged incident. The relevance of the withheld information is underscored by defendant's statement, in response to plaintiff's pending motion for summary judgment, that the parties' disputed versions of the facts precludes summary judgment. See ECF No. 46. Absent significant considerations to the contrary, plaintiff is entitled to know defendant's version of the challenged incident, and how the statements of both parties were officially received and reviewed.

Although the document includes both factual data and evaluative statements, the undersigned finds that disclosure would not chill the institution's self-evaluative or program improvement processes as the only finding in this regard is common sense and involved neither party (specifically, that the officers who immobilized plaintiff after the incident should not thereafter have escorted plaintiff). The statements of the reporting officers and inmates are factually based and do not appear to include any confidential information. The disclosure of those statements, with the identities of nonparties redacted, will neither discourage such reporting nor thwart the institution's investigative process. Moreover, the investigation was completed nearly two years ago, and did not result in any disciplinary proceedings; nor is plaintiff an actual or potential defendant in any related criminal proceeding. Finally, the information sought is not available through other discovery or from other sources.

---

(8) Whether the plaintiff's suit is non-frivolous and brought in good faith.

(9) Whether the information sought is available through other discovery or from other sources.

(10) The importance of the information sought to the plaintiff's case.

Kelly, 114 F.R.D. at 663 (citing Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973).

4

For these reasons, plaintiff's motion for injunctive relief, ECF No. 39, construed as a motion to compel, will be granted. Defendant will be directed to redact the names and any other identifying information of all nonparties within the subject document, and to make arrangements with the RJDCF Litigation Coordinator for plaintiff to review the document. The review shall be two hours in length, and plaintiff shall be provided with paper and writing materials and permitted to take notes; plaintiff shall not be permitted to take possession of the reviewed document. These precautions address defendant's institutional security concerns which the court otherwise finds de minimis based on the contents of the subject document.

### IV. Additional Matters

Also outstanding are two further motions filed by plaintiff: a motion for monetary sanctions in the amount of $7,500, ECF No. 50, and a motion for court order to refer defendant for prosecution, ECF No. 51. Both motions appear to be premised on defendant's alleged perjury, as purportedly demonstrated by defendant's use of a signature block in his declaration that identified his prior, rather than current, place of employment. The court previously rejected this claim, stating, ECF No. 48 at 3:

> The court finds this conceded error immaterial to the merits of this action. Defendant Murphy was a correctional officer at HDSP at all times relevant to this action, and thus his current assignment does not impact the issues in this case. Moreover, the court finds this error inadvertent and therefore that it does not reflect on Murphy's credibility.

The court abides by these conclusions and will therefore deny both of plaintiff's recent motions as frivolous.

### IV. Admonishment & Further Briefing

Plaintiff is admonished to refrain from filing further matters in this action until the court rules on the merits of plaintiff's pending motion for summary judgment. See ECF No. 28. The motion is fully briefed with the exception that plaintiff may file and serve a reply to defendant's opposition within 28 days after the filing date of this order; defendants will have the option of filing a surreply. Plaintiff is cautioned that a litigant proceeding pro se and in forma pauperis may suffer restricted access to the court if he files excessive frivolous motions. Such matters

strain the limited resources of both the court and defense counsel. Plaintiff is directed to exercise appropriate restraint in the future.

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to lodge video evidence, ECF No. 44, is granted. The copy of the video of plaintiff's post-incident interview lodged in this court on October 2, 2018 (ECF No. 52) has been placed in the court's vault; the Clerk of Court is directed to note on the docket the current location of the video.

2. Plaintiff's motion for injunctive relief, ECF No. 39, construed as a motion to compel disclosure of defendant's December 2, 2016 document entitled "Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation," withheld based on the "official information" privilege, is granted in part.

3. Defendant shall promptly provide a copy of the subject document, with the names and other identifying information of all nonparties redacted therein, to the RJDCF Litigation Coordinator, and shall arrange for plaintiff's review of the redacted document within fourteen (14) days after the filing date of this order. The review shall be scheduled for a period of two hours; plaintiff shall be provided with paper and writing materials, and allowed to take notes; however, plaintiff shall not be given a copy of the subject document.

4. Plaintiff shall, within twenty-eight (28) days after the filing date of this order, file and serve a reply to defendant's opposition (ECF No. 36) to plaintiff's original motion for summary judgment (ECF No. 28); defendant may, but need not, file and serve a surreply within fourteen (14) days after the filing of plaintiff's reply.

5. Plaintiff's motion for sanctions, ECF No. 50, and motion for court order, ECF No. 51, are denied as frivolous.

6. Plaintiff is admonished to refrain from filing further frivolous motions in this case.

SO ORDERED.

DATED: October 24, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE