UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. MURPHY,<br><br>        Defendant. | No. 2:17-cv-1041 JAM AC P<br><br><br>ORDER |

        Plaintiff Watkins is a state prisoner proceeding pro se against sole defendant Murphy on a claim of excessive force. Although plaintiff is now incarcerated at R.J. Donovan Correctional Facility, the alleged constitutional violations took place at High Desert State Prison. This case is set for a settlement conference on January 15, 2019. See ECF Nos. 56-7. The following matters require resolution before then.

        Plaintiff has filed a motion for summary judgment, ECF No. 28; defendant has filed an opposition, ECF No. 36.[1] Also pending is plaintiff's "motion for judicial notice." ECF No. 58. The "motion" provides documentation of plaintiff's placement in segregated housing as support for his tandem request that he be permitted to file a late reply to defendant's opposition. ECF No.

---

[1] Defendant has not filed a motion for summary judgment on the grounds that the parties "have entirely different accounts of the incident on August 18, 2016, and that there are genuine disputes of material fact." ECF No. 36 at 2.

58; see also ECF No. 59 at 3-12.  The request will be granted and plaintiff's reply, filed November 29, 2018, ECF No. 62, will be deemed timely filed.  Defendant may file a surreply within fourteen (14) days thereafter.  See ECF No. 55.  The undersigned will address the merits of plaintiff's motion only if this case is not resolved at the settlement conference.

Also pending is plaintiff's third request for appointment of counsel.  See ECF No. 59. Plaintiff avers that he is indigent, has limited access to the prison library, and limited knowledge of the law.  He asserts that this case presents complex factual and legal issues and that he is particularly needful for legal representation at trial.  As the court previously informed plaintiff, these circumstances, common to most prisoners, do not establish the requisite exceptional circumstances warranting appointment of counsel.  Exceptional circumstances include a plaintiff's inability to articulate his claims pro se coupled with a likelihood of success on the merits of his claims.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).[2]  As the undersigned previously found in denying without prejudice plaintiff's prior motions for appointment of counsel (see ECF No. 11 at 4, ECF No. 25 at 2):

> Plaintiff capably drafted the FAC, which has been found cognizable on initial review.  The case is relatively straightforward, with one defendant and one legal claim.  Moreover, it is not apparent at this early stage of the case whether it is likely plaintiff will succeed on the merits of his claim.

---

[2]  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The undersigned again finds that appointment of counsel is not warranted at this time. Plaintiff's dispositive motion is pending. Defendant has not filed a dispositive motion and thus plaintiff is not required to prepare an opposition. This case is scheduled for a settlement conference mid-January, at which the assigned magistrate judge will be familiar with the parties' respective factual allegations and the relevant legal principles, and will assist the parties in their attempts to achieve a fair resolution in lieu of proceeding to trial. For these reasons, plaintiff's current motion for appointment of counsel will be denied without prejudice.

The parties are reminded of the following requirements to prepare for their settlement conference, scheduled for Tuesday, January 15, 2019 at 9:00 a.m. at California State Prison Sacramento (CSP-SAC).[3] As previously set forth by order filed November 2, 2018, ECF No. 56 at 2:

> The parties are directed to exchange non-confidential settlement statements seven (7) days prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: spark@caed.uscourts.gov Plaintiff shall mail his non-confidential settlement statement Attn: ADR Division, USDC CAED, 501 I Street, Suite 4-200, Sacramento, CA 95814, so that it arrives at least seven (7) days prior to the settlement conference. The envelope shall be marked "SETTLEMENT STATEMENT." The date and time of the settlement conference shall be prominently indicated on the settlement statement. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judicial notice, ECF No. 58, construed as a motion for extended time to file a reply to defendant's opposition to plaintiff's motion for summary judgment, is granted.

2. Plaintiff's reply, filed November 29, 2018, ECF No. 62, is deemed timely filed.

3. Defendant may file and serve a surreply within fourteen (14) days after the filing of plaintiff's reply, see ECF No. 55.

////

---

[3] A separate writ ad testificandum has issued for the purpose of transporting plaintiff to CSP-SAC. See ECF No. 57.

4. Plaintiff's third motion for appointment of counsel, ECF No. 59, is denied without prejudice.

IT IS SO ORDERED.

DATED: December 3, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE