UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WATKINS,<br><br>           Plaintiff,<br><br>    v.<br><br>D. MURPHY,<br><br>           Defendant. | No. 2:17-cv-1041 JAM AC P<br><br><br>ORDER |

       This prisoner civil rights action proceeds against one defendant on a claim of excessive force. The undersigned's findings and recommendations filed January 18, 2019 remain pending before the district judge. See ECF No. 66. The undersigned has recommended that plaintiff's motion for summary judgment be denied and this case proceed to trial. Id. Meanwhile, plaintiff has filed three motions.

       Plaintiff's first motion, filed February 25, 2019, seeks appointment of counsel. See ECF No. 70. This is plaintiff's fourth request for appointment of counsel. See ECF Nos. 11, 25, 63 (denying plaintiff's prior requests without prejudice). The instant request seeks appointment on the ground that this case did not settle at the mediation conference held on January 15, 2019. Together with the request plaintiff made a further settlement offer, which defendants have not accepted. ECF No. 69. Significantly, plaintiff's request was made after completion of the parties' briefing on plaintiff's motion for summary judgment. Because the deadlines for both

1

discovery and dispositive motions have expired, the only currently outstanding matter is the district judge's review of the undersigned's findings and recommendations. Until that review is completed, there is no matter that either party, or his counsel, need pursue. Therefore, there are no grounds for appointing counsel for plaintiff at this time. Therefore, plaintiff's request will be denied.

Plaintiff's second motion seeks an order of this court compelling defendant to authorize inspection of defendant's personnel file and to produce "the surveillance security footage of Aug. 18, 2016" taken at High Desert State Prison (HDSP). ECF No. 72 at 1. See also ECF No. 73 (request for production).

Plaintiff's third motion seeks sanctions against defendant based on his counsel's prior discovery response that "there were no operable surveillance cameras in building where the incident occurred on the date in question." ECF No. 74 at 5.

Defense counsel has filed an opposition to plaintiff's second and third motions. See ECF No. 75. Defendant contends that he has already fully responded to these matters by previously informing plaintiff that no responsive materials exist. Id. (citing ECF No. 38 at 3).

Defendant's position is supported by the court's prior determinations that defendant has satisfied his discovery obligations. By order filed August 22, 2018, the undersigned noted defendant's response that there were "no responsive documents" to plaintiff's Production Request No. 1 (seeking complaints against defendant between January and August 2016), and "no operable surveillance cameras" capturing information responsive to plaintiff's Production Request No. 4 (seeking security camera footage from August 18, 2016). ECF No. 38 at 2-3 n. 3 and related text. Notwithstanding these responses, the court directed defendant to provide a verified response to these matters, explaining, id. at 3:

> So that both parties can rely on the subject responses, the court will direct defense counsel to serve plaintiff with a verification – signed under oath by both defendant and defense counsel – that a reasonable and diligent search has been conducted to locate all requested documents, videotapes and other materials responsive to Plaintiff's Request for Production Nos. One and Four, and that there exist no responsive materials.

|     |                                                                                                      |
| --: | :--------------------------------------------------------------------------------------------------- |
| 1   | At defendant's request, the court modified this order to require the verifications of defense       |
| 2   | counsel and the HDSP Litigation Coordinator, which were provided and found to satisfy the           |
| 3   | court's order. ECF No. 48 at 2. The court also directed defendant to submit for in camera review    |
| 4   | his privilege log and withheld materials responsive to plaintiff's Request for Production No. 3     |
| 5   | (seeking all documents "concerning any use of force incident involving [sic] the plaintiff on       |
| 6   | August 18, 2016 or any investigation or action concerning that incident"). Id. at 4-5. Following    |
| 7   | in camera review, the court directed the Litigation Coordinator to make arrangements for plaintiff  |
| 8   | to review the relevant materials. ECF No. 55 at 6. The court also directed defendant to lodge a     |
| 9   | copy of the video containing plaintiff's post-incident interview. ECF No. 48 at 4.                  |

These orders and defendant's cooperation and timely compliance demonstrate that plaintiff's motion to compel is moot and his motion for sanctions is both frivolous and vexatious. The court previously admonished plaintiff to refrain from filing extraneous and frivolous matters in this case. See ECF No. 55 at 5-6. Plaintiff is again directed to refrain from filing further matters in this action unless so directed by the court. See Local Rule 110 ("Failure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 70, is denied without prejudice.

2. Plaintiff's motion to compel, ECF No. 72, is denied as moot.

3. Plaintiff's motion for sanctions, ECF No. 74, is denied as frivolous and vexatious.

4. Plaintiff is admonished to refrain from filing further matters in this case until so directed by the court.

IT IS SO ORDERED.

DATED: May 29, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE